IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV379 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA STATE SENATES OFFICE, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his original complaint in this matter on October 19, 2009 (Filing No. 1). However, the complaint was not signed, so plaintiff was directed to file a signed copy. (*Id*. at CM/ECF p. 5; Filing No. 19.) On January 21, 2010, plaintiff filed a signed amended complaint (Filing No. 20). Plaintiff's amended complaint is the operative pleading in this matter.

Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 14). The Court now conducts an initial review of the amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his amended complaint on January 21, 2010, against the "Nebraska State Senates Office."[1]  (Filing No.

---

[1] Although plaintiff only names the "Nebraska State Senates Office" in the caption of his amended complaint, he names several individual defendants in the body, specifically Senator Mike

20 at CM/ECF p. 1.)  Plaintiff is currently a patient at the Norfolk Regional Center ("NRC") in Norfolk, Nebraska.  (*Id*. at CM/ECF p. 2.)

Plaintiff alleges that he has been denied access to the courts because the NRC does not have a law library.  (*Id*. at CM/ECF p. 4.)  The Nebraska state senators are aware of this problem, but refuse to address it.  (*Id*.)  Plaintiff also alleges that the Nebraska state senators are aware that the NRC "does not have appropriate licencing" and is "known" for retaliating against its residents.  (*Id.* at CM/ECF p. 4.)  Plaintiff seeks "$1 Billion dollars" in monetary damages and compensation from the "federal disposals unit as a tax redemption."  (*Id*. at CM/ECF p. 5.)  Plaintiff also seeks a court order directing the "Nebraska State Senates Office" to provide him with access to a law library at the NRC.  (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or

---

Flood, Governor Dave "Hienaman," Attorney General "Jon Brunning," and Senators "Bourne, Aquilar, Combs, Connely, Erdan, Flood, Foley, Friend, Howard, Stuthman, and Synowiecki."  (Filing No. 20 at CM/ECF p. 3.) *See Infra* Part III.C.

that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

*A.   Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th

Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

      Here, plaintiff seeks both monetary damages and injunctive relief from the "Nebraska State Senates Office," liberally construed as the Nebraska Legislature, which is a state instrumentality (Filing No. 20 at CM/ECF pp. 1, 5). As discussed above, plaintiff may not sue a state instrumentality for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that Nebraska waived or Congress overrode immunity here. Plaintiff's claims for monetary relief against the "Nebraska State Senates Office" must be dismissed.

    B. *Plaintiff's Access to Courts Claim*

      Plaintiff also seeks injunctive relief in the form of a court order that directs the "Nebraska State Senates Office" to

provide him with access to a law library.  As discussed above, plaintiff alleges that the "Nebraska State Senates Office" is aware that the NRC does not have a law library, but refuses to address it.  (*Id*. at CM/ECF p. 4.)  The court liberally construes this allegation as an access to courts claim.

To prove a violation of the right of meaningful access to the courts, plaintiff must establish that the "Nebraska State Senates Office" did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted).  "To prove actual injury, [plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id*. (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, plaintiff has not alleged sufficient facts to demonstrate that the "Nebraska State Senates Office" frustrated or impeded his ability to bring a nonfrivolous and arguably meritorious underlying legal claim.  In fact, plaintiff simply assumes he is entitled to a law library (Filing No. 20 at CM/ECF p. 4).  Although plaintiff may prefer to have access to a law library, such access is not necessarily required to provide meaningful access to the courts.  See *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (concluding that providing a law

library is merely one way to comply with right of meaningful access to the courts). Plaintiff's factual allegations, without more, do not allow the Court to reasonably infer that the "Nebraska State Senates Office" has denied plaintiff meaningful access to the courts. *See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)*. Accordingly, plaintiff's access to courts claim for injunctive relief against the "Nebraska State Senates Office" must also be dismissed.

    C. *Individual Defendants*

Although plaintiff does not name any individual defendants in the caption of his amended complaint, he does name several individuals in the body (Filing No. 20 at CM/ECF pp. 1, 3). However, he does not identify how these individuals were involved in the conduct about which he complains. *See Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002)* (holding that a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests); *see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985)* (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Because plaintiff has not given these individuals fair notice of the claims against them, and because his claims against "Nebraska State Senates Office" have all been dismissed, plaintiff's

amended complaint must be dismissed in its entirety for failing to state a claim upon which relief may be granted.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 29th day of January, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
UNITED STATES DISTRICT COURT